IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON A. SHELTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-1082-D |
| | ) |
| SCOTT NUNN, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green under 28 U.S.C. § 636(b)(1)(B) and (C). Judge Green recommends granting the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 based on Ground 7 and issuing the writ unless, within 90 days from the entry of an order adopting the Report, the State either grants Petitioner a new trial or, in the alternative, orders him permanently released from custody. Petitioner has timely objected to the Report, urging the Court to consider other grounds for relief and order his release. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks habeas relief based on multiple claims of error in his state criminal case; as to Ground 7, the claim was raised in a state post-conviction proceeding. Respondent concedes that, as to Ground 7, the Oklahoma Court of Criminal Appeals (OCCA) incorrectly ruled that the claim was procedurally

barred because it was not raised on direct appeal. The claim is based on a sexual relationship between the trial judge and a prosecuting attorney that was revealed after Petitioner's appeal ended. Respondent further concedes that Ground 7 "requires federal habeas relief in the form of a new trial." *See* Resp. [Doc. No. 13] at 17. Based on this concession and the case record, Judge Green finds that Petitioner is entitled to relief on Ground 7 and that his remaining claims need not be addressed.

Petitioner objects to the latter conclusion. He asserts that the Court should address three additional claims (Grounds 1, 2 and 6) that Judge Green did not reach. *See* Obj. [Doc. No. 20] at 1. Respondent does not object to the R&R but has filed a statement requesting clarification of the order to be issued, suggesting modification of the proposed language to make clear that proceedings for a new trial (rather than a trial itself) must commence within 90 days. *See* Resp't Statement re. R&R [Doc. No. 19]. The parties have waived further review of all other issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court finds no basis to disagree with Judge Green's finding that Grounds 1, 2 and 6 need not be addressed because Petitioner is entitled to relief on Ground 7.[1] Specifically, the Court

---

[1] Respondent's position regarding these grounds for relief is that they were not presented in state court and are unexhausted, and "Respondent does not waive exhaustion." *See* Resp. [Doc. No. 13] at 3, ¶ 6. Respondent also contends these claims are either mooted by an order for relief on Ground 7 or subject to an anticipatory procedural bar. *Id*. at 28-31, 41-47. Petitioner does not address exhaustion of the additional claims or any exception to exhaustion.

finds that a ruling in Petitioner's favor on these claims would not bar a retrial, as he argues. Grounds 1, 2 and 6 allege errors by appellate counsel in Petitioner's direct appeal. It is well established that a petitioner who prevails on a claim of error in a state court criminal proceeding is subject to retrial, except "the Double Jeopardy Clause precludes a second trial once the reviewing court has determined that the evidence introduced at trial was insufficient to sustain a conviction." *See Greene v. Massey*, 437 U.S. 19, 24 (1978) (summarizing rule announced in *Burks v. United States*, 437 U.S. 1, 18 (1978)); *see also Anderson v. Mullin*, 327 F.3d 1148, (10th Cir. 2003) (discussing *Burks* exception). Because Grounds 1, 2 and 6 do not claim insufficiency of the trial evidence, an order granting relief on those grounds would not bar a second prosecution, and thus, they need not be considered.[2]

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 18] is **ADOPTED**. The Court finds the claim asserted in Ground 7 of the Petition has merit and relief should be granted in the form of an order requiring the State of Oklahoma to conduct a new trial of Petitioner or, absent retrial, permanently release him from custody. The Writ of Habeas Corpus will issue unless, within 90 days from the date of this Order, the State of Oklahoma commences proceedings to set a new trial date for Petitioner or, in

---

[2] On page 3 of the Objection, Petitioner refers to Ground 9 of the Petition, which claims the trial evidence was insufficient to sustain a conviction. If Petitioner intended to object to Judge Green's failure to address Ground 9, the Court would still find that Petitioner has failed to establish a basis to bar a retrial. A claim of insufficient evidence was raised and rejected by OCCA on direct appeal. Respondent showed in his Response to the Petition that OCCA's determination was not an unreasonable application of federal law and, therefore, survives review under § 2554(d). *See* Resp. at 31-40.

the alternative, orders his permanent release from custody. Judgment will be entered accordingly.

**IT IS SO ORDERED** this 4th day of November, 2022.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge